IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE CHEPITO AGUILAR, #1543906, | § | |
|        Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-0035-L-BK |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
|        Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state inmate, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the habeas petition be denied.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Petitioner was convicted of possession with intent to deliver methamphetamine and cocaine, and was sentenced to 35 years' imprisonment and a $110,000 fine. *State v. Aguilar*, Nos. F06-69925 and F06-69926 (363rd Dist. Ct., Dallas County Apr. 4, 2007), *aff'd*, Nos. 05-07-00660-CR, 05-07-00661-CR, 2008 WL 3823992 (Tex. App. –Dallas, Aug. 18, 2008, pet. ref), *cert. denied*, 130 S. Ct. 405 (2009). The Texas Court of Criminal Appeals denied his state habeas relief. *See Ex parte Aguilar*, Nos. WR-76,085-02 WR-76,085-03, SHCR-02 and -03 at Action Taken Sheet (Tex. Crim. App. Dec. 28, 2011) (denying applications without written order on findings of trial court without hearing).[1] In the eight grounds raised in this timely federal petition, Petitioner alleges trial counsel rendered ineffective assistance, the prosecutor violated

---

[1] SHCR-02 and -03 refer to the State Habeas Clerk's Record in case numbers WR-76,085-02 WR-76,085-03. The Court cites to SHCR-02 because SHCR-03 is identical except for a slightly different pagination. "RR" refers to the reporter's record at trial.

his due process right, the trial court abused its discretion, and his convictions were obtained by the use of evidence from an unlawful arrest and search and seizure. (Doc. 8, 9). Respondent argues the petition lacks merit. (Doc. 17).

## II.  ANALYSIS

### A.   The Petition Lacks Merit

Habeas corpus relief is precluded unless the state court's adjudication on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). That burden is "difficult to meet," however, as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt." *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 786, 788 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).

### Ineffective Assistance of Counsel

Under the AEDPA, the Court reviews Petitioner's ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*,⸺ U.S. ⸺, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was

unreasonable." *Harrington*, 131 S. Ct. at 785.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.  The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697.  To establish deficient performance, a petitioner must show that his counsel's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689.  Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Alleged Failure to Investigate and Advise Not to Testify (Claim 1)

Petitioner asserts defense counsel rendered ineffective assistance when he failed to adequately investigate and to meet with him to prepare a defense and analyze the police report. (Doc. 9 at 4-5). According to Petitioner, counsel only met with him "a limited amount of time prior to trial" and "did not discuss the elements of their defense." *Id.* at 5.  In addition, "counsel 'failed' to interview any potential witnesses before trial that may have been favorable to the defense." *Id.* at 6-7.  In support, Petitioner relies on written statements prepared by witnesses to the alleged unlawful arrest. *Id.* at 6 (citing to exhibits 10-20 attached to state habeas application, SHCR-02 at 110-40).  Lastly, Petitioner claims counsel conspired with the prosecution to convince him not to testify. *Id.* at 4.

The state habeas court denied relief on these claims, finding:

> Counsel met with Applicant numerous times and also met with Applicant's family prior to trial. Applicant provided counsel with 20 pages of handwritten notes regarding witnesses and facts of the case. Applicant participated in building his defense.
>
> Applicant and counsel reviewed the police reports prior to trial. Counsel, who has many years of experience and hundreds of jury trials, was qualified to develop the trial strategy.
>
> Counsel discussed with Applicant whether he should testify. Applicant had an extensive criminal history, gang involvement and extraneous offense which factored into the decision not to testify. Counsel did not conspire with the prosecutor in making this recommendation to Applicant.
>
> Counsel met with the witnesses that Applicant provided and obtained written statements from the majority of them.

SHCR-02 at 288.

Petitioner cannot show that counsel's performance was deficient and that it prejudiced him. His assertion that counsel failed to investigate is unsupported and conclusory. *See Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000) (allegations of a counsel's failure to investigate must include with specificity what the investigation "would have revealed and how it would have altered the outcome of the trial"). In addition, counsel provided the police report for Petitioner's own reference, not to permit him to assist in developing trial strategy. SHCR-02 at 293. Furthermore, the witnesses referenced in exhibits 10-20, SHCR-02 at 110-140, would have been able to testify only as to the legality of the arrest -- the officers' entry into the home and whether drugs were in plain view -- not to Petitioner's innocence. *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (quoting *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)) ("'[T]o demonstrate the requisite *Strickland* prejudice, [a habeas petitioner] must show not only that [the] testimony would have been favorable, but also that the witness[es] would have testified at

trial.'")). Lastly, Defense counsel's reason for advising Petitioner not to testify (which considered his criminal history, gang involvement, extraneous offense evidence, and the ability of family members to testify favorably for him) is entitled to deference as reasonable trial strategy. *Robison v. Johnson*, 151 F.3d 256, 261 (5th Cir. 1998) (quoting *United States v. Garcia*, 762 F.2d 1222, 1226 (5th Cir. 1985)) ("the decision whether to put a Defendant on the stand is a 'judgment call' which should not easily be condemned with the benefit of hindsight."). Accordingly, Petitioner's first claim fails.

<u>Failure to Submit Confession and Misleading Conduct During Voir Dire (Claim 2)</u>

Petitioner alleges counsel was ineffective in failing to submit a confession during the guilt/innocence phase of trial. (Doc. 9 at 9). Although Petitioner gave his confession to counsel pretrial, he claims counsel "failed to bring it to the court's attention for a ruling." *Id.* Counsel also did not consult with Petitioner regarding voir dire and misled him about peremptory strikes, hence none of the jurors that he "pick[ed] . . . were ever put on the jury." *Id.* at 10, 11. The state court rejected these claims.

> Counsel did not offer Applicant's statement/confession as a matter of trial strategy
>
> Counsel ensured that Applicant was present during voir dire. Applicant signed the jury challenge list and reviewed counsel's voir dire notes with him. During voir dire, counsel attempted to get the potential jurors thinking about the theory of the case and the evidence to be presented on Applicant's behalf.

SHCR-02 at 288.

Defense counsel's decision not to present the confession is entitled to deference as reasonable trial strategy. *Strickland*, 466 U.S. at 689. In his affidavit to the state court, defense counsel indicated that "[c]onfessions are rarely good for a defendant" and that "[i]t was not a good trial strategy to offer a confession to Applicant's trial." SHCR-02 at 294. Petitioner does

not explain why defense counsel should have submitted his confession to the trial court or how the outcome of the trial would have been different if he had.  Moreover, his contentions that counsel was not truthful and misled him during voir dire are conclusory.  As reflected in counsel's affidavit, Petitioner was present during voir dire and had an opportunity to participate in the jury selection process.  SHCR-02 at 294-295.  Accordingly, counsel's performance did not fall below an objective standard of reasonableness and this claim fails.

<u>Alleged Failure to Object to Hearsay and Warrantless Arrest (Claim 3)</u>

Petitioner contends defense counsel was ineffective for failing to object to hearsay evidence when Officer Villareal testified concerning an anonymous fax (about illegal drug activity at 6158 Farnsworth, where Petitioner was arrested). (Doc. 9 at 10-12).  However, counsel was not required to make a meritless hearsay objection.  *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness").  Officer Villarreal's testimony concerning the anonymous fax was not objectionable hearsay.  The fax was not admitted into evidence or offered for the truth of the matter asserted.  Rather, it was mentioned to demonstrate why the police chose to investigate the house at 6158 Farnsworth.  3 RR 19-20.  Moreover, as the state habeas court found, "counsel, by the State's admission, aggressively cross-examined Corporal Villareal regarding the anonymous fax and the warrantless search." SHCR-02 at 288; 3 RR 66-67.

Next, Petitioner asserts defense counsel failed to object to the warrantless search and arrest. (Doc. 9 at 13-14).  Defense counsel, however, filed a Motion to Suppress the warrantless search and seizure, and the trial court overruled the motion at the end of trial.  SHCR-02 at 288;

5 RR 13. Since defense counsel properly objected, the fact that he was unsuccessful in his efforts does not mean that he was deficient. *See Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) (*per curiam*). Accordingly, counsel's performance did not fall below an objective standard of reasonableness and his claim fails.

Failure to Object and to Admit Evidence (Claim 4)

Petitioner maintains (1) defense counsel failed to object to the admission of State's photographs and failed to admit defense photographs, and (2) failed to object to Detective Barry Ragsdale on the basis that he was not sworn in before trial. The state habeas court rejected the above allegations, relying on defense counsel's affidavit that he offered eleven photographs that were admitted into evidence, that he did not object to the State's photographs because they were admissible and helpful to the defense; and that Detective Ragsdale was on the State's witness list and was "sworn prior to his testimony." SHCR-02 at 288-89.

Petitioner does not claim that the State's photographs were prejudicial or not relevant. Nor does he state what photographs, besides the eleven admitted into evidence, defense counsel should have offered. Moreover, during the cross examination of Officer Joshua Sanderlin, defense counsel effectively challenged the authenticity of the State's photographs. 4 RR 77-78. Also, contrary to Petitioner's allegations, defense counsel presented photographs of the house on Farnsworth through cross examination of Dustin Bradshaw. 3 RR 152 (Defense Exhibits 2-6). Finally, the record reflects Detective Ragsdale was sworn in before he testified. 4 RR 98-99. For these reasons, counsel's performance did not fall below an objective standard of reasonableness and this claim fails.

In conclusion, Petitioner cannot demonstrate that the state court's decision rejecting his claims of ineffective assistance of counsel were contrary to or an unreasonable application of clearly established federal law. Therefore, claims 1 through 4 should be denied.

### Prosecutorial Misconduct (Claim 5)

Petitioner contends the prosecutor (1) withheld exculpatory evidence (photos of crime scene, the vehicle, and information about the confidential informant), (2) denied him the opportunity to inspect photographic evidence prior to trial, (3) erred in admitting photos during guilt/innocence phase of trial, (4) knowingly allowed perjured testimony by the officers, and (5) permitted the investigator to manipulate Glen and Dustin Bradshaw and to testify in violation of court rules. (Doc. 9 at 14-18). The state habeas court denied these claims.

> Applicant has failed to show how evidence (photographs of him, witnesses, the crime scene, and vehicles and information about the confidential informant ... was exculpatory. Nor has he shown that the evidence was suppress[ed].
>
> Applicant asserts that discrepancies between the officer's testimony and others means the officer's testimony was perjured. This does not amount to perjury.
>
> Applicant's assertion that the prosecutor manipulated a defense witness is without merit. The record indicates that the witness, Glenn Bradshaw, knew he was speaking with the prosecutor's investigator and knew that the prosecutor might call him as a State's witness.

SHCR-02 at 289.[2]

---

[2] Respondent asserts these claims are procedurally barred because Petitioner could have raised them on direct appeal along with his other claims of prosecutorial error. (Doc. 17 at 35). The state habeas court, however, did not apply a procedural bar. In addition, the prosecutorial errors raised on direct appeal were couched as a challenge to the denial of a motion for mistrial, not as stand alone claims of prosecutorial misconduct. Therefore, the Court declines to apply a procedural bar under the facts of this case. *Cf. Barrientes v. Johnson*, 221 F.3d 741, 779-80 (5th

The state court's decision rejecting these grounds was not an unreasonable application of clearly established federal law. Petitioner fails to establish that the prosecutor suppressed evidence that was favorable and material to the defense. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (to establish a *Brady* violation, a petitioner must prove (1) the prosecutor suppressed or withheld evidence (2) that was favorable and (3) material to his guilt or punishment). Nor can Petitioner show that the prosecutor prevented him from viewing the photographs prior to trial. Notwithstanding, defense counsel did not object on this or other bases because the photographs were admissible and helpful to the defense. SHCR-02 at 288-89. In addition, Petitioner's assertion that the officers's testimony was inconsistent and contradicted by Glenn and Dustin Bradshaw's testimony does not amount to perjury. See *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990) (contradictory trial testimonies are to be resolved by jury and do not amount to perjury). Lastly, Petitioner presents only conclusory assertions that the prosecutor manipulated Glen Bradshaw, *see Koch*, 907 F.2d at 530 (mere conclusory allegations on a critical issue are insufficient to raise a constitutional claim), and his assertion that the investigator's testimony violated Texas exclusionary rule rises only to a state law violation. *See Wilson v. Corcoran*, ___ U.S. ___, 131 S. Ct. 13, 16 (2010) (*per curiam*) (federal habeas corpus relief does not lie for errors of state law). Accordingly, Petitioner's fifth claim is unavailing.

---

Cir. 2000) (considering prosecutorial misconduct claim on merits with requisite deference to state court's decision; although petitioner effectively waived prosecutorial misconduct claim by failing to object to prosecutor's comments at trial, state court was not put on notice by state that claim was waived and state court denied habeas application).

### Court Abused Discretion (Claim 6)

Petitioner contends the trial court abused its discretion when it failed to hold an evidentiary hearing on his motion to suppress, admitted photos not disclosed to the defense, allowed Detective Ragsdale to testify after the commencement of trial and swearing of witnesses, and overruled Petitioner's objection to the lesser-included-offense instruction. (Doc. 9 at 18-19). The state habeas court denied the first three arguments, finding as follows:

> Applicant failed to object to the trial court "carrying" the Motion to Suppress through trial. (Exhibit F to State's Response). Defense counsel did not object. Thus, nothing is preserved.
>
> When the photographs were offered into evidence, counsel did not object that he had not had an opportunity to review them prior to trial. (Exhibit G to State's Response). Thus, nothing is preserved for review.
>
> The record proves that Detective Ragsdale was sworn prior to his testimony. (Exhibit B to State's Response).

SHCR-02 at 289-90.

Regarding the lesser-included-offense instruction claim, the state court of appeals (the last opinion upon review of the matter) denied Petitioner's arguments finding *inter alia*:

> Appellant cites no evidence in the record, and we find none, that the drugs seized in this case were "poured into one big bag out of several smaller bags." Moreover, even assuming, without deciding, that "more than a scintilla" of evidence linked the other four men in the house to the drugs, the record contains no evidence from which to infer that any of those four men had exclusive possession of any of the drugs. Joint possession of the drugs would not absolve appellant of party culpability for the entire quantity. *See, e.g., Cude v. State*, 716 S.W.2d 46, 47 (Tex.Crim.App.1986); *Oaks v. State*, 642 S.W.2d 174, 176 (Tex.Crim.App.1982). Accordingly, we conclude the trial court did not err in denying appellant's request to charge the jury on lesser included offenses in each case.

*Aguillar v. State*, 2008 WL 3823992, *10.

Petitioner fails to show that the above rulings amounted to an unreasonable application of clearly established federal law. Because defense counsel did not object to the trial court's decision to carry the motion to suppress through trial or to the admission of photographs without opportunity to review, his claims are procedurally barred. *See Nichols v. Scott*, 69 F.3d 1255, 1280 (5th Cir. 1995) (failure to comply with Texas contemporaneous objection rule bars federal habeas review of a claim absent cause and prejudice or a fundamental miscarriage of justice). Likewise, as previously concluded, Detective Ragsdale was properly sworn in before he testified. Nonetheless, any assertion that Ragsdale was sworn in after the trial commenced or that his testimony was insufficient to be presented at trial is conclusory. *See Koch*, 907 F.2d at 530 (conclusory allegations are insufficient to rise to a constitutional violation). Petitioner also fails to present any argument to support his lesser-include-offense instruction claim, which the state court of appeals fully addressed. (Doc. 9 at 18-19). Therefore, claim six is meritless.

### Unlawful Arrest and Search and Seizure (Claims 7, 8)

Lastly, Petitioner contends his convictions were obtained as a result of an unlawful arrest, search and seizure. (Doc. 9 at 21). Fourth Amendment claims, however, are barred from federal habeas review under *Stone v. Powell*, 428 U.S. 465, 494 (1976), if the petitioner had a full and fair opportunity to litigate his claims. *See Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) (quoted case omitted) (interpreting "opportunity for full and fair litigation" to mean just that: 'an opportunity'"). In this case, as Respondent correctly notes, Petitioner had the opportunity to challenge the legality of his arrest and search and seizure during his state trial and his attorney filed a motion to suppress on Fourth Amendment grounds. Because Petitioner was not

foreclosed from litigating any of his Fourth Amendment claims in state court, this Court may not review them. Therefore, his seventh and eighth claims fail.

**B.     Evidentiary Hearing Not Required**

Petitioner requests an evidentiary hearing. (Doc. 3 at 96). However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. As discussed above, Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Therefore, Petitioner is not entitled to a federal evidentiary hearing.

### III. RECOMMENDATION

It is recommended that the petition for writ of habeas corpus be **DENIED**.

SIGNED December 21, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE