IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOSE CHEPITO AGUILAR**, **#1543906**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:12-CV-35-L-BK** |
| | § | |
| **RICK THALER, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Div**., | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is Jose Chepito Aguilar's ("Petitioner" or "Aguilar") Amended Petition for Writ of Habeas Corpus, filed on February 28, 2012, pursuant to 28 U.S.C. § 2254. The case was referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on December 21, 2012, recommending that the habeas petition be denied. Aguilar's habeas petition is based on alleged ineffective assistance of counsel; prosecutorial misconduct; abuse of discretion by the trial court; and unlawful arrest, search and seizure. Petitioner's deadline to file objections to the Report was extended to February 4, 2013. Petitioner filed objections to the Report on February 1, 2013, which were received by the court on February 7, 2013.

## I.    Aguilar's Objections

With regard to his ineffective assistance of counsel claims, Petitioner contends that: (1) he has made a sufficient showing that trial counsel did not meet with Petitioner's witnesses, and the testimony of these witnesses would have changed the outcome of the trial; (2) while Petitioner was present during voir dire, his counsel misled him to believe that jurors would be selected during voir

dire but in reality they were eliminated, and but for counsel's "unprofessional error[s][,] . . . other potential juror[s] that petitioner could of selected were never chosen"; and (3) although the State's evidence of photographs were helpful in counsel's view, but "there was never an opportunity to prepare what the photo[s] contained, and what the difference in the defense trial strategy would of been. Petitioner would of probably testified or reconsidered taking the stand." and "[I]f the defense had adequate time to strategize . . . there would have been a probability the outcome of the trial would have been different or that petitioner would have taken the plea-bargain and not went to trial. With regard to his claim based on alleged prosecutorial misconduct, Petitioner contends that the prosecutor's statement to the trial court that there was no other evidence for the discovery motion shows that the photographs "were suppressed and held back to have an advantage at the guilt/innocence phase of the trial." As to his claim that the trial court abused its discretion in denying his request to charge the jury on lesser included offenses, Petitioner states that he disagrees with the Fifth Circuit's and the state court of appeals' determinations that the trial court did not err in denying his request to include a lesser included offense in the jury charge, and he points to evidence for the first time that he believes supports his position. Last, in support of his search and seizure claim, Petitioner asserts that he is not attempting to relitigate his Fourth Amendment claim because he has not had a full and fair opportunity to litigate his search and seizure claim. According to Petitioner, the state court of appeals that considered and rejected this claim erred, and he further notes that he was not able to help or meet with appellate counsel on this issue. Pet.'s Obj. 9, 10, 13.

Petitioner's objections regarding his trial counsel's performance are based on speculation that the outcome of his trial would have been different, which is insufficient for purposes of showing that his trial counsel rendered ineffective assistance under the applicable standard set forth in the Report.

*See* Report 2-3. Petitioner's conclusory assertions and unsupported suspicion regarding alleged prosecutorial misconduct are likewise insufficient.

Regarding his lesser included offense instruction claim, the magistrate judge correctly noted that the state court of appeals (the last opinion upon review of the matter) denied Petitioner's arguments because he cited no evidence and the court was unable to find any in the record that the drugs seized were:

> "poured into one big bag out of several smaller bags." Moreover, even assuming, without deciding, that "more than a scintilla" of evidence linked the other four men in the house to the drugs, the record contains no evidence from which to infer that any of those four men had exclusive possession of any of the drugs. Joint possession of the drugs would not absolve appellant of party culpability for the entire quantity. Accordingly, we conclude the trial court did not err in denying appellant's request to charge the jury on lesser included offenses in each case.

Report 10 (quoting *State v. Aguilar*, Nos. 05-07-00660-CR, 05-07-00661-CR, 2008 WL 3823992, at *10 (Tex. App. Dallas, Aug. 18, 2008) (citations omitted), *cert. denied*, 130 S. Ct. 405 (2009). The magistrate judge further noted that "Petitioner fails to present any argument to support his lesser-include[d]-offense instruction claim, which the state court of appeals fully addressed." Report 11. In his memorandum in support of his claim to the magistrate judge, Petitioner argued only in conclusory fashion that the "Trial Court abused its discretion in overruling petitioner's objection to the charge to the jury 'on a lesser included offense in each case' during the guilt/innocense stage of the trial." Pet.'s Mem. 19. For the first time in his objections to the magistrate judge's Report, Petitioner argues at length why he believes the lesser included offense instructions should have been given and points to evidence in the record that he believes supports his position. Pet.'s Obj. 15-19. Because these arguments were not presented to the magistrate judge for consideration, the court need not consider them. *See Nelson v. Astrue*, 3:11-CV-466-L-BK, 2012 WL 1533868, at * (N.D. Tex.

Apr. 30, 2012) (A party may not raise new arguments or issues at the district court state that were not presented to the magistrate judge.). Moreover, the court notes that the trial testimony relied on by Petitioner in his objections does not overcome the magistrate judge's determination that the state court of appeals' rulings on this issue did not amount to an unreasonable application of clearly established federal law.

Finally, the court concludes that Petitioner's objection that he was denied a full and fair opportunity to litigate his search and seizure claim is without merit. As correctly noted by the magistrate judge, the Fifth Circuit has interpreted "full and fair opportunity" to mean just that: 'an opportunity.'" Report 11 (quoting *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002)). Here, Petitioner acknowledges that he had an opportunity to litigate his search and seizure claim but contends merely that the opportunity was insufficient. Thus, as correctly noted by the magistrate judge, because Petitioner was not foreclosed from litigating any of his Fourth Amendment claims in state court, the claims are barred from federal habeas review. Report 11.

Accordingly, the court **overrules** all of Aguilar's objections to the Report.

## II. Conclusion

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct. The court therefore **accepts** the magistrate judge's findings and conclusions as those of the court, **denies** Aguilar's Petition for Writ of Habeas Corpus, and **dismisses** this action **with prejudice**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c),

the court **denies** a certificate of appealability.[*]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case.  In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

   **It is so ordered** this 14th day of February, 2013.


                                         Sam A. Lindsay
                                         United States District Judge

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
   **(a)     Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
   **(b)     Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.