IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE CHEPITO AGUILAR,<br>§ Petitioner, | § § § | |
| v. | § | 3:12-CV-0035-L-BK |
| RICK THALER, Director TDCJ-CID,<br>§ Respondent. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and the District Judge's May 17, 2013, Order, Petitioner's notice of appeal was referred to the undersigned in light of the remand from the United States Court of Appeals for the Fifth Circuit. (Doc. 27). The Court of Appeals treated Petitioner's notice of appeal as a timely motion for extension of time under FED. R. APP. P. 4(a)(5), and remanded for this Court to determine whether Petitioner can show excusable neglect or good cause. (Doc. 26). For the reasons that follow, Petitioner should be granted an extension of time to appeal.

**BACKGROUND**

On December 21, 2012, the undersigned recommended that Petitioner's habeas corpus petition be denied. (Doc. 18). Subsequently, on Petitioner's request, the District Court granted an extension until February 4, 2013, to file objections. (Doc. 18-20). Then, on February 14, 2013, the District Court accepted the undersigned's recommendation, over Petitioner's objections, and entered judgment denying the federal petition. (Doc. 21-23). Petitioner did not receive a copy of the order of acceptance and judgment, as confirmed by the mail log maintained at the Stringfellow Unit, Petitioner's Unit of confinement. (Doc. 29). In March 2013, however, Petitioner sent a letter to the Clerk of the Court inquiring if his objections had been received.

(Doc. 30 at 2-3, 8-9). On March 11, 2013, the Clerk of the Court promptly replied to Petitioner's letter, received earlier that day, advising that the objections had been filed, but that his case was closed as reflected on the attached docket sheet. (Doc. 30 at 8-9). Upon receiving the Clerk's response and notice of entry of judgment on March 19, 2013, Petitioner avers that he immediately drafted a notice of appeal and motion for extension of time to file a certificate of appealability, which he handed to prison officials for mailing that same day. *Id.* at 3-4. However, the final day for filing a timely notice of appeal was March 18, 2013, a day earlier. (Doc. 26 at 1).[1]

## ANALYSIS

A district court may extend the time for filing a notice of appeal by thirty days if the plaintiff can show excusable neglect or good cause for not meeting the deadline. *See* FED. R. APP. P. 4(a)(5)(A).[2] In evaluating excusable neglect under Rule 4(a)(5), the court applies the following standard:

> The determination is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

---

[1] Due to a clerical error, the Clerk's Office docket neither Petitioner's letter nor the Clerk's response dated in March 2013. A copy of the Clerk's response is enclosed with Petitioner's June 2013 pleading addressing excusable neglect. (Doc. 30 at 8-9). In addition, the out-going mail log reflects that on March 5, 2013, Petitioner handed to prison officials for mailing legal mail addressed to the Clerk of this Court. (Doc. 29 at 4).

The Court notes that TDCJ's mail log appears otherwise incomplete. In addition to the order of acceptance and judgment (which were not returned to the Court as undeliverable), the mail log fails to reflect when the Stringfellow Unit received the Clerk's March 2013 response, or when Petitioner handed his notice of appeal to prison officials for mailing. However, in light of Petitioner's credible explanation and in the interest of judicial economy, the Court did not require the Texas Department of Criminal Justice to again review its records and resubmit the mail log.

[2] Under Rule 4(a)(5)(A) "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

*Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). Excusable neglect is not limited to errors caused by circumstances beyond the late-filing party's control, but covers inadvertent delays, as well. *Pioneer*, 507 U.S. at 394-95. However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392.

Petitioner affirms that on March 19, 2013, immediately after receiving the Clerk's March 11, 2013, response and learning that judgment had been entered in this case, he prepared his notice of appeal/motion for extension to file certificate of appealability, which he handed to prison officials for mailing that same day. In light of the minimal delay involved, the absence of prejudice, and Petitioner's prompt action in preparing his notice of appeal the same day he received notice of the judgment, the Court concludes that Plaintiff has shown sufficient excusable neglect and that an extension of time to appeal should be granted.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner be granted an extension of time to appeal under FED. R. APP. P. 4(a)(5) based on excusable neglect.

**SIGNED** June 12, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE